JUSTICE WEBER
specially concurs as follows:
Based upon the record which is before us, I do join in the result of the opinion.
However, the opinion specifically states that while it may be within respondent’s duty to conduct criminal investigations for the Department of Justice, in the present case he was assigned to the administrative task of investigating the application as opposed to the prosecutorial function of filing and maintaining criminal charges. Because there is nothing in the record to demonstrate that the Department of Justice had filed and maintained criminal charges, the opinion concludes that there is nothing to suggest that the respondent’s investigation was intimately involved in the judicial phase of the criminal process.
The opinion next concludes that the respondent was acting in an administrative capacity while investigating the application for the license and is therefore not entitled to prosecutorial immunity. As I have suggested, I agree with that conclusion based upon the present record.
However, if the record before us demonstrated that based upon the report given, the Department of Justice had proceeded with a criminal investigation and spent time and effort to determine whether or not criminal charges were appropriate, I would then believe it appropriate to grant immunity even though no charges were filed.